■ In the Matter of the Estate of John Z. Warych, Deceased. Mary J. Weatherhead, Appellant; Pauline Matuszak, Respondent.—Appeal from a decree of the Surrogate's Court of Schenectady County, entered December 16, 1975, which allowed the objection of the respondent to the final accounting of appellant as executrix of the will of John Z. Warych and ordered distribution of the estate of John Z. Warych according to the terms of a prior joint will. In 1952 John and Marion Warych executed a joint will. Marion Warych died in March, 1971 and in November, 1971 John Warych executed a new will which contained provisions different from those of the joint will. Upon his death, the 1971 will was offered for probate and respondent filed objections to the final accounting of appellant as executrix under the 1971 will. The Surrogate's Court found that the joint will constituted a contract precluding the survivor of them from making a new will changing the distribution proposed in the joint will and issued an order allowing the objections and directing distribution of the estate according to the terms of the joint will. This appeal ensued. The pertinent paragraph of the joint will provides: "Second: We hereby give, devise and bequeath all the rest, residue and remainder of our property to the survivor of either of us to use, have and to dispose of during the lifetime of either of us and the remainder, if any, upon the death of both of us, we hereby give, devise and bequeath to our two children, Pauline Matouzak *[sic]* and Mary Wetherhead *[sic],* share and share alike." The mere execution of a joint will may not in and of itself suffice to establish a binding contract to dispose of the property in a particular way *(Rich v Mottek,* 11 NY2d 90; *Tutunjian v Vetzigian,* 299 NY 315). Use of plural pronouns throughout such as "we" declare this "our" last will and "we" give "our" property has been held to constitute a substantial indication that a binding contract was formed *(Rich v Mottek, supra; Tutunjian v Vetzigian, supra; Matter of Wiggins,* 45 AD2d 604, affd 39 NY2d 791). While there was no express prohibition precluding the survivor from disposing of the remaining property by a later will, the language used "to use, have and to dispose of *during the lifetime* of either of us" (emphasis added) strongly indicates it and is further evidence of a binding contract (see *Matter of Wiggins, supra).* The Surrogate, in our view, properly allowed the objections and his decree should not be disturbed. Decree affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.